UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| LELAND FOSTER, Individually, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:15-cv-884 |
| v. | : | |
| | : | |
| MANISTEE GOLF SERVICES, LLC., a | : | Judge: |
| Michigan Limited Liability Company | : | |
| | : | |
| *DBA* MANISTEE NATIONAL GOLF AND | : | |
| RESORT | : | |
| | : | |
| | : | |
| Defendant. | | |

_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr, hereby files this Complaint against Defendant, MANISTEE GOLF SERVICES, LLC, a Michigan Limited Liability Company, *DBA* MANISTEE NATIONAL GOLF AND RESORT for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which

governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.    Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property situs.  The Defendant's property and operations are located in, and does business within, this judicial district.

## PARTIES

4.    Plaintiff, LELAND FOSTER ("Plaintiff" or "Leland Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.    Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Leland Foster has difficulty grasping with his hands as a result of his disability. As such, Plaintiff is substantially limited in performing one or more life activities, including but not limited to, standing and walking.  Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.  Plaintiff has encountered the architectural barriers at the subject property.  The barriers to access the property have endangered his safety.

6.    Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the active

Northwest Michigan adaptive sports community, including in local marathons, half marathons, hand cycle events, snow skiing, and adaptive water skiing at the areas many lakes with the various local organizations and other enthusiasts in the community. Leland Foster frequents many establishments in the County of Manistee and has visited and been a customer at the Defendant's place of public accommodation, its hotel and golf courses, including its facilities that form the basis of this lawsuit. Mr. Foster has been an overnight guest at the resort's hotel, a customer at the pro-shop and restaurant, and a golfer. Mr. Foster plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7.     Defendant MANISTEE GOLF SERVICES, LLC, a Michigan Limited Liability Company, *DBA* MANISTEE NATIONAL GOLF AND RESORT (hereinafter "Defendant" or "the resort") operates and owns a place of public accommodation at issue. Said resort operates at 4797 Grant Hwy, Manistee MI 49660 Manistee County. Upon information and belief, the resort owned by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's resort, as a place of public accommodation, fails to comply with the ADA and its regulations.

8.     Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

3

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits as a resort customer, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the resort again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of

discrimination.

10.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

11.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant have 10 or fewer employees and gross receipts of $500,000 or less).

12.     A preliminary inspection of the resort owned by Defendant has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Parking and Accessible Routes at the resort:

A.  The resort fails to provide required signage for the designated handicap accessible parking at its Clubhouse, in violation of the ADA whose remedy is readily achievable;

B.  The resort fails to provide required signage for its van accessible parking at its Clubhouse, in violation of the ADA whose remedy is readily achievable;

C.  There is no meaningful access to the access aisles, in violation of the ADA whose remedy is readily achievable;

Accessible Routes at the Resort:

D.  The resort fails to provide a handicap accessible route from its designated accessible parking to the Clubhouse or its restaurant, in violation of the ADA whose remedy is readily achievable;

E.   The resort fails to provide handrails on its handicap accessible ramps, in violation of the ADA whose remedy is readily achievable;

F.   The resort fails to provide a handicap accessible route to its amenities, including but not limited to its fire pit, in violation of the ADA whose remedy is readily achievable;

Access to Goods and Services

G.   The Resort's transaction counters at the Clubhouse, bar restaurant, hotel bar, and hotel registration desk exceed 36", in violation of the ADA whose remedy is readily achievable;

H.   The Clubhouse fails to provide any handicap accessible table seating, in violation of the ADA whose remedy is readily achievable;

I.   The resort fails to provide a handicap accessible means of entry at its Outdoor Swimming Pool, whereas 2 are required including an adaptive pool lift, in violation of the ADA whose remedy is readily achievable;

J.   The resort fails to provide any handicap access or means of entry at the Outdoor Spa, whereas one is required, in violation of the ADA whose remedy is readily achievable;

K.   The resort fails to provide any accessible means of entry at the Indoor Swimming Pool, whereas 2 are required including an adaptive pool lift, in violation of the ADA whose remedy is readily achievable;

L.   The resort fails to provide any handicap accessible means of entry at the Indoor Spa, whereas one is required, in violation of the ADA whose remedy is readily achievable;

6

M.  The resort's pool area has insufficient number of handicap accessible tables, in violation of the ADA whose remedy is readily achievable;

Swimming Pool Restroom and Changing Room

N.  The resort's designated accessible pool changing room has no permanent fixed seat with required dimensions, in violation of the ADA whose remedy is readily achievable;

O.  The clothing hooks in the changing room for the pool are mounted in excess of allowable range, in violation of the ADA whose remedy is readily achievable;

P.  The pool's restroom lavatory does not protect against contact or scalding, in violation of the ADA whose remedy is readily achievable;

Q.  Shower at swimming pool does not have shower spray unit with detachable head, in violation of the ADA whose remedy is readily achievable;

The Resort's Handicap Accessible Guestroom

R.  The "handicap accessible" guestroom provides amenities, including but not limited to, its hair dryer and towel racks that are mounted in excess of allowable range, in violation of the ADA whose remedy is readily achievable;

S.  Said guestroom's bathroom door provides hardware that requires tight clasping and twisting, in violation of the ADA whose remedy is readily achievable;

T.  Said guestroom's door lock in the bathroom requires tight clasping and twisting, in violation of the ADA whose remedy is readily achievable;

U.  The bathtub in said guestroom provides a seat that fails to comply with code, in violation of the ADA whose remedy is readily achievable;

V.  The shower head provided in said guestroom is mounted in excess of allowable

range and does not have a non-positive shut off, in violation of the ADA whose

remedy is readily achievable;

W.  The toilet paper dispenser not located 7"-9" in front of toilet seat and fails to

satisfy appropriate requirements,   in violation of the ADA whose remedy is

readily achievable;

X.  The pipes under the guestroom lavatory fail to be properly insulated against

contact or scalding, in violation of the ADA whose remedy is readily achievable;

Golf Course and Handicap Access:

Y.  The signage for the designated accessible restroom at the Canthooke Valley

course fails to be properly mounted or displayed pursuant to the code, in violation

of the ADA whose remedy is readily achievable;

Z.  The golf course fails to provide an adaptive golf cart available for disabled golfers

at any of the resort's two courses, whereas golf carts are offered to able bodied

golfers, in violation of the ADA whose remedy is readily achievable; and

AA.  The water closet's flush control at the Canthooke Valley course is not mounted on

open side of the unit, in violation of the ADA whose remedy is readily

achievable;

BB.  The coat hooks at the course are mounted in excess of allowable reach range in

violation of ADA whose remedy is readily achievable;

CC.  There are barriers to handicap access at Cutter's Ridge golf course owned by the

Defendant, which require remedy and further inspection under the ADA; and

Policies and Procedures

DD.   The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

13.   The discriminatory violations described in paragraph 12 are not an exclusive list of the violations committed by the Defendant under the ADA or its regulations.   Plaintiff requires the inspection of the Defendant's resort and place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14.   Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15.   The resort owned by the Defendant is a place of public accommodation and service establishment, and as such must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16.   Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities,

privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17.     The Plaintiff, and others similarly-situated, is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he, and those similarly situated, will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## <u>COUNT II</u>
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

19.     Plaintiff restates the allegations of ¶¶ 1 - 1 8 as if fully rewritten here.

20.     The resort, as owned by Defendant is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21.     Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff

full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

22.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

_Counsel for Plaintiff:_

\s\ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
P66315